UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABCDE OPERATING, LLC,

    Plaintiff,

v.

KEVIN JONES and
CITY OF DETROIT,

    Defendants.
                                         /

Case No. 17-10138

Honorable Nancy G. Edmunds

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR
TEMPORARY RESTRAINING ORDER OR ACCELERATED HEARING [19]**

Plaintiff ABCDE Operating, LLC, doing business as the Penthouse Club, an adult entertainment establishment, commenced this suit in this Court on January 16, 2017, seeking a declaration that the procedures used by the Defendant City of Detroit to suspend or revoke a license to operate an adult cabaret do not comport with the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.[1] Plaintiff also has filed a motion for a preliminary injunction, seeking to enjoin the Defendant City from taking steps to suspend or revoke Plaintiff's license to operate the Penthouse Club, and this motion has been fully briefed and is scheduled for hearing on May 31, 2017. Through the present emergency motion filed on April 25, 2017, Plaintiff requests that the Court either (i) set a more expedited hearing on Plaintiff's pending motion for a preliminary injunction, or (ii) issue a temporary restraining order that would preserve the status quo until the scheduled May 31, 2017 hearing. For the reasons discussed briefly below, the Court finds that

---

[1] Plaintiff has asserted other claims as well, but only its due process challenge is relevant to the matters addressed in this order.

Plaintiff has failed to identify a sufficient basis for the Court to provide expedited relief in advance of the May 31 hearing.

When Plaintiff brought this suit and filed its motion for a preliminary injunction, the Defendant City had not yet initiated the process for suspending or revoking Plaintiff's license to operate the Penthouse Club, but it allegedly had threatened to do so. (*See* Complaint at ¶¶ 26-27.) Since that time, however, Plaintiff states (i) that the City and the manager of its Business License Center, Defendant Kevin Jones, have "started an administration action" against Plaintiff's club in which they seek to suspend or revoke the club's license, (ii) that several days of hearings have been held in this administrative proceeding, and (iii) that the officer presiding over this administrative proceeding "has announced his intention to issue his decision on or about May 10, 2017." (Dkt. 19, Plaintiff's Emergency Motion at ¶¶ 6, 22.) In its present motion, Plaintiff invites the Court to act in advance of this anticipated May 10 administrative decision, either by accelerating its scheduled May 31 hearing on Plaintiff's motion for a preliminary injunction or by issuing a temporary restraining order that would preserve the status quo until the May 31 hearing.

As Plaintiff recognizes, the decision whether to award preliminary injunctive relief is governed by a familiar four-part standard, under which the Court must consider (i) whether Plaintiff, as the moving party, has a strong likelihood of success on the merits, (ii) whether Plaintiff would suffer irreparable injury in the absence of injunctive relief, (iii) whether an award of preliminary injunctive relief would cause substantial harm to others, and (iv) whether the public interest would be served by the requested award. *Sandison v. Michigan High School Athletic Association, Inc.,* 64 F.3d 1026, 1030 (6th Cir. 1995). These four considerations "are factors to be balanced and not prerequisites that must be satisfied,"

and "are not meant to be rigid and unbending requirements." *American Imaging Services, Inc. v. Eagle-Picher Industries, Inc. (In re Eagle-Picher Industries, Inc.),* 963 F.2d 855, 859 (6th Cir. 1992). "Moreover, a district court is not required to make specific findings concerning each of the four factors . . . if fewer factors are dispositive of the issue." *Jones v. City of Monroe,* 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds as recognized in Anderson v. City of Blue Ash,* 798 F.3d 338, 357 n.1 (6th Cir. 2015).

While this general four-part standard remains applicable to Plaintiff's present request for more urgent relief, *see Ohio Republican Party v. Brunner,* 543 F.3d 357, 361 (6th Cir. 2008), the courts have recognized that "a temporary restraining order serves a purpose different from that of a preliminary injunction," *Garcia v. Yonkers School District,* 561 F.3d 97, 107 (2d Cir. 2009). This purpose, in particular, is "to preserve an existing situation *in statu quo* until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia,* 561 F.3d at 107 (internal quotation marks and citations omitted); *see also Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439, 94 S. Ct. 1113, 1124 (1974). Accordingly, the Court focuses here on whether the temporary relief sought by Plaintiff is necessary to "prevent[] irreparable harm" until Plaintiff's request for preliminary injunctive relief can be addressed on its merits. *Granny Goose Foods,* 415 U.S. at 439, 94 S. Ct. at 1124; *see also Southern Milk Sales, Inc. v. Martin,* 924 F.2d 98, 103 (6th Cir. 1991) (finding that a showing of irreparable injury was "the single most important prerequisite" to an award of preliminary injunctive relief under the facts of that case, and affirming the district court's determination that "a preliminary injunction was not necessary if [the plaintiff] would not suffer 'irreparable harm' in the absence of such relief" (internal quotation marks and citation

omitted)); Fed. R. Civ. P. 65(b)(1)(A) (mandating a showing of "immediate and irreparable injury, loss, or damage" in order to secure a temporary restraining order).

Plaintiff has failed to make this requisite showing of irreparable harm that would warrant an award of temporary injunctive relief in advance of the forthcoming hearing on its motion for a preliminary injunction. In its present motion, Plaintiff claims that it faces irreparable injury in the event of an adverse decision in the pending administrative proceeding brought by the Defendant City to suspend or revoke Plaintiff's sexually-oriented business license, because such a decision would "deprive [Plaintiff] of its fundamental rights to freedom of speech, to practice an occupation and to procedural due process, and would result in the loss of its closely-held business." (Dkt. 19, Plaintiff's Emergency Motion at ¶¶ 26, 29.) In Plaintiff's view, this threatened abridgement of its constitutionally protected business interests qualifies as irreparable harm. (*See id.*, Br. in Support at 20.)

Yet, even assuming that the hearing officer presiding over the administrative proceeding were to determine that Plaintiff's license should be suspended or revoked, the Defendant City states without contradiction that Plaintiff would be entitled to continue operating its club while it pursued judicial review of this adverse administrative decision. Specifically, the section of the Detroit City Code that governs the process for seeking suspension or revocation of a sexually-oriented business license provides in pertinent part:

> . . . . [U]pon the filing and service of any action to review, challenge, restrain, or otherwise enjoin the City's enforcement of any denial, suspension, or revocation of a temporary or annual business license, the Business License Center shall immediately issue the applicant or licensee a provisional business license to operate. The provisional business license shall allow the applicant or licensee to continue operation of the sexually-oriented business and shall expire upon the entry of the trial court's judgment in the action.

4

(Complaint, Ex. 1, Detroit City Code § 5-15-27(f).) Under this provision, if the hearing officer were to issue a decision suspending or revoking Plaintiff's sexually-oriented business license, Plaintiff could continue to operate its club under a provisional license while it challenged this adverse decision in court. This continuing ability to operate its business — which Plaintiff does not even address, much less dispute, in its present motion — defeats Plaintiff's claim that it faces irreparable harm in the event that the administrative hearing officer determines that its business license should be suspended or revoked. Absent a showing of irreparable injury that would justify the preservation of the status quo, Plaintiff is not entitled to the emergency relief sought in the present motion.

For these reasons,

The Court hereby DENIES Plaintiff's April 25, 2017 emergency motion for a temporary restraining order or an accelerated hearing on its motion for a preliminary injunction. (Dkt. 19.)

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: May 3, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 3, 2017, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager